Jeffrey Lewis (SBN 66587)
jlewis@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel.: (510) 463-3900
jlewis@kellerrohrback.com

*Additional counsel listed on signature page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN ZWEBEN and JESSICA KLINE, on behalf of themselves, the Prospect Medical Retirement Savings Plan A, and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., a Delaware corporation; BLACK COMPANIES I-X; and JOHN DOES I-X,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT** |

Alan Zweben ("Zweben") and Jessica Kline ("Kline"), by and through undersigned counsel, for themselves, on behalf of the Prospect Medical Retirement Savings Plan A (the "Savings Plan"), and on behalf of all persons similarly situated, allege:

## I. INTRODUCTION

1. This action involves breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, by the fiduciaries of the Savings Plan.

2. The fiduciaries include Prospect Medical Holdings, Inc. ("Prospect Medical"), and may include other entities or persons whose identities are not yet known to Plaintiffs. Such unknown entities and persons are named herein as Black Companies I-X and John Does 1-10 until such time as they are identified and substituted or added as parties defendant.

3. Plaintiffs and certain other employees and former employees of Prospect Medical and its affiliates and subsidiaries saved for retirement by participating in the Savings Plan and contributing a portion of their compensation to their retirement accounts in that plan. Under the terms of the Savings Plan, those employees were and are entitled to receive additional contributions to their retirement accounts from Prospect Medical in an amount, up to a specified maximum percentage of their annual compensation, matching their own contributions to the Savings Plan (the "Employer Matching Contributions").

4. However, Defendant failed to collect and deposit Employer Matching Contributions in the Savings Plan and allocate those amounts to the employees' retirement accounts. Defendant instead withheld Employer Matching Contributions from the Savings Plan and expended them for the benefit of Prospect Medical and its affiliates and subsidiaries.

## II. OVERVIEW OF CLAIMS

5. At all times between January 1, 2022 and the present (the "Class Period"), Plaintiffs Zweben and Kline were participants in the Savings Plan, a 29 U.S.C. § 401(k) retirement plan subject to ERISA. Plaintiffs made voluntary contributions of a portion of their earnings to the Savings Plan, and as part of their compensation, they were entitled to have Employer Matching Contributions deposited to the Savings Plan and allocated to their retirement accounts.

6. Prospect Medical is a named fiduciary of the Savings Plan. Among its fiduciary duties, Prospect Medical had a duty to collect Employer Matching Contributions and to deposit those Employer Matching Contributions to the Savings Plan to match the contribution of participants dollar for dollar up to a specified percentage of the participants' compensation.

7. Prospect Medical failed to collect or make Employer Matching Contributions to the Savings Plan on Plaintiffs' and other employees' and former employees' accounts for the Savings Plan years 2022, 2023 and 2024.

8. Prospect Medical has admitted under penalty of perjury through the sworn statement of Paul Rundell, its Chief Restructuring Officer,[1] that tens of millions of dollars in Matching Contributions were not made to Prospect Medical's 401(k) plans, including the Savings Plan, for the years 2022, 2023 and 2024.

9. Prospect Medical's failures to collect and make Matching Contributions, and its use of funds for its own benefit that it was obligated to deposit to the Savings Plan, breached its fiduciary duties to the Savings Plan and its participants and beneficiaries.

10. By this action Plaintiffs seek to hold Defendants liable to the Savings Plan for all losses resulting from each breach of Defendants' fiduciary duties, and to restore to the Savings Plan the unmade contributions and any earnings the Savings Plan would have made thereon during the time period from January 1, 2022 through the date of judgment. Plaintiffs further seek such other remedial and equitable plan-wide relief for the Savings Plan as the Court may deem appropriate.

11. Plaintiffs did not have knowledge of all material facts necessary to understand that Defendant breached its fiduciary duties with respect to the Employer

[1] Declaration of Paul Rundell in Support of Debtors' Chapter 11 Petitions and First Day Pleadings ("Rundle Declaration") filed January 13, 2025, in *In re Prospect Medical Holdings, Inc.*, United States Bankruptcy Court, N.D. Tex., No. 25-80002, ECF 41, at ¶ 50.

Matching Contributions until sometime after Prospect Health filed its bankruptcy petition on January 11, 2025. Plaintiffs do not have actual knowledge of the specifics of Defendants' decision-making processes with respect to the Savings Plan, including the processes for keeping records, interpreting the Savings Plan provisions, deciding questions concerning the Savings Plan, and enforcing rules and regulations necessary for administering the Savings Plan. This information is solely within the possession of the Defendants. Plaintiffs have drawn reasonable and plausible inferences regarding such processes based upon the facts alleged in the Complaint.

12. The Savings Plan's fiduciaries, including Prospect Medical, are insured under certain ERISA fiduciary liability insurance policies (the "Fiduciary Insurance Policies"), including but not limited to the following and any renewals thereof:

- 24-25 Primary Fiduciary Liability Policy – Hudson (Encore) Policy No. SFD31211617-04
- 24-25 Lead Excess Fiduciary Liability Policy: Endurance Risk Solutions Assurance Company, Policy No. MPX30011652203
- 24-25 2nd Layer Excess Fiduciary Liability Policy: Ascot Insurance Company, Policy No. MLXS2410001369-02
- 24-25 3rd Layer Excess Fiduciary Liability Policy: Landmark American Insurance Company, Policy No. LHS12217
- 24-25 4th Layer Excess Fiduciary Liability Policy: Starr Secure Excess Liability Policy No. 1000622030241

## III. BANKRUPTCY COURT AUTHORITY TO PROCEED AGAINST DEFENDANTS

13. Prospect Medical and numerous affiliates and related entities (the "Debtors") filed a Chapter 11 bankruptcy petition in the Northern District of Texas on January 11, 2025. *In re Prospect Medical Holdings, Inc, et al.*, No. 25-80002-SGJ *et al.* (jointly administered) (the "Prospect Bankruptcy").

14. Plaintiffs filed proofs of claim, including a class proof of claim, in the Prospect Bankruptcy.

15. The automatic stay pursuant to 11 U.S.C. § 362(a) prevented the filing or prosecution of actions against the Debtors, including Defendants, their property, or property of their jointly administered bankruptcy estates during the pendency of the Prospect Bankruptcy.

16. Debtors' Second Amended Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and its Debtor Affiliates (the "Reorganization Plan") was confirmed by the Bankruptcy Court's Order of December 15, 2025 (Prospect Bankruptcy ECF No. 4230). Debtors gave notice of the Effective Date of the Reorganization Plan on March 6, 2026 (the "Effective Date") (Prospect Bankruptcy ECF No. 4791). As of the date of this Complaint the Prospect Bankruptcy case remains pending.

17. The Reorganization Plan permanently enjoins pursuit of most pre-bankruptcy claims against Debtors, including Prospect Medical. However, pursuant to the Amended Stipulation and Agreed Order By and Among the Debtors and the Putative Class Representatives Regarding the 401(k) Settlement that Plaintiffs negotiated with Debtors, which was entered in the Prospect Bankruptcy on December 15, 2025, Prospect Bankruptcy ECF No. 4231 (the "Injunction Stipulation"), Plaintiffs were authorized to pursue claims against Prospect Medical on behalf of themselves, similarly situated claimants, and the Savings Plan, with any recovery to be satisfied solely from the proceeds of the Fiduciary Insurance Policies.

18. Pursuant to the Injunction Stipulation, participants in the Savings Plan who had asserted priority claims in the bankruptcy subsequently elected to either (a) retain their priority claims and receive the treatment provided for those claims under the Reorganization Plan, or (b) waive their claims in the bankruptcy and have the opportunity to be a member of the putative class in this action. On information and belief,

56 claimants in the bankruptcy elected treatment in accordance with the Reorganization Plan, and are excluded from the proposed class described below.

19. Under the terms of the Prospect Plan, the automatic stay remains in effect until the case is closed or dismissed. Prospect Plan at §XII(J). However, pursuant to an agreement negotiated between Plaintiffs and Prospect Medical, on June 9, 2026, the Bankruptcy Court entered its Stipulation and Agreed Order Between the Plan Administrator and Alan Zweben and Jessica Kline, on Behalf of Themselves, the Prospect Medical Retirement Savings Plan A, and All Person Similarly Situated, for Post-Effective Date Relief From the Automatic Stay, Prospect Bankruptcy ECF No. 5137, granting Plaintiffs relief from the automatic stay to proceed with this action.

## IV. PARTIES

### A. Plaintiffs

20. Plaintiff Alan Zweben is a resident of Wyckoff, New Jersey. Dr. Zweben was employed by Prospect Medical, through its wholly-owned subsidiary Crozer Health, until May 16, 2025. During the course of his employment he participated in the Savings Plan through regular deductions from his compensation, and was entitled to have Employer Matching Contributions deposited to the Savings Plan and allocated to his retirement account. Prospect Medical failed to make Employer Matching Contributions to the Savings Plan on account of Dr. Zweben's contributions for the Savings Plan years 2022, 2023 and 2024.

21. Plaintiff Jessica Kline is a resident of Folsom, Pennsylvania. Ms. Kline was employed by Prospect Medical, through its wholly-owned subsidiary Crozer Health, until April 28, 2025. During the course of her employment she participated in the Savings Plan through regular deductions from her compensation, and was entitled to have Employer Matching Contributions deposited to the Savings Plan and allocated to her retirement account. Prospect Medical failed to make Employer Matching Contributions to the

Savings Plan on account of Ms. Kline's contributions for the Savings Plan years 2022, 2023 and 2024.

22. Alan Zweben and Jessica Kline bring this suit on behalf of the Savings Plan and on behalf of a class of participants and beneficiaries of the Savings Plan affected by the challenged conduct of the Defendant. As Savings Plan participants and employees for whom Employer Matching Contributions were not deposited to the Savings Plan and allocated to their retirement accounts, Plaintiffs Zweben and Kline suffered injury due to Defendant's breaches of fiduciary duty and other ERISA violations.

**B. The Savings Plan**

23. The Savings Plan is a defined contribution plan as described in section 401(k) of the Internal Revenue Code ("I.R.C."), 26 U.S.C. § 401(k), and is subject to the provisions of ERISA. The Savings Plan is established and maintained under a written document in accordance with ERISA § 402(a), 29 U.S.C. § 1102(a).

24. The Savings Plan reported 13,551 participants on its 2024 IRS Form 5500 Annual Return/Report of Employee Benefit Plan.

**C. Defendants**

25. Defendant Prospect Medical Holdings, Inc., is a Delaware corporation headquartered in Los Angeles, California. At all relevant times, Prospect Medical was the Sponsor of the Savings Plan as well as the Plan Administrator as defined in ERISA § 3(16), 29 U.S.C. § 1002(16), and a named fiduciary under ERISA § 402(a), 29 U.S.C. § 1102(a), with authority to control and manage the operation and administration of the Savings Plan. Prospect Medical is also a fiduciary of the Savings Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority and control respecting the management and administration of the Savings Plan.

26. On information and belief, Prospect Medical's board of directors, members of the board of directors, or other persons acting for Prospect Medical are also fiduciaries

of the Savings Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because they exercised discretionary authority and control respecting the management and administration of the Savings Plan, which includes funding.

27. Because Plaintiffs are currently unaware of the identities of all the persons who may have been responsible for Employer Matching Contributions and the management and control of the assets of the Savings Plan during the Class Period, those persons are collectively named as Defendants John Does I-X and Black Companies I-10 (together, the "Doe Defendants"). Plaintiffs will substitute the real names of the Doe Defendants when they become known to Plaintiffs.

28. Prospect Medical and the persons described in the preceding paragraphs 26 and 27 are also parties in interest to the Savings Plan under ERISA §§ 3(14)(A) and (C), 28 U.S.C. §§ 1002(14)(A) and (C), because each was a fiduciary of the Savings Plan, and because Prospect Medical was the employer of participants in the Savings Plan.

29. To the extent a Defendant delegated any of its fiduciary functions to another person, each such person to which the function was delegated is also a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and is thus alleged to be a Doe Defendant.

30. Pursuant to the Reorganization Plan, as of the Effective Date, Prospect Medical's board of directors has resigned. As of the Effective Date, the Bankruptcy Court has appointed a Plan Administrator with authority over Prospect Medical and other jointly administered debtors, as they have been reorganized pursuant to the Reorganization Plan. Reorganization Plan at § IV(B); 12/15/25 Order Confirming the Amended Joint Chapter 11 Plan of Prospect Medical Holdings, Inc., and its Debtor Affiliates ("Confirmation Order," Prospect Bankruptcy ECF No. 4230), at ¶ 32.

## V. JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331, because it is an action under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

32. This Court has general personal jurisdiction over Prospect Medical, which is headquartered in this District. This Court has specific personal jurisdiction over Prospect Medical because Prospect Medical took the actions described herein in this District.

33. This District is the proper venue for this action under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b) because it is the District in which the Savings Plan is administered and where at least one of the alleged breaches took place. It is also the District in which Defendant Prospect Medical's headquarters is located.

## VI. ERISA'S FIDUCIARY DUTY STANDARDS

### A. Fiduciary Duties of Loyalty and Prudence Under ERISA

34. ERISA's fiduciary duties are the highest known to the law. ERISA imposes strict fiduciary obligations on Defendants, including the duty of prudence, the duty of loyalty, and the requirement to refrain from any prohibited transactions.

35. ERISA's anti-inurement provision requires that the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan. ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

36. ERISA's duty of loyalty requires that a plan's fiduciaries must exercise their discretion "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of . . . providing benefits to participants and their beneficiaries." ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). This requires fiduciaries to act "with an eye

single to the interests of the participants and beneficiaries." *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2d Cir. 1982).

37. ERISA's duty of prudence requires that a plan's fiduciaries must discharge their responsibilities "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

38. ERISA § 404(a)(1)(D) also requires each plan fiduciary to act "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D).

## B. Prohibited Transactions

39. The general duties of loyalty and prudence imposed by ERISA § 404, 29 U.S.C. § 1104, are supplemented by a detailed list of transactions that are expressly prohibited by ERISA § 406(a), 29 U.S.C. § 1106(a), subject only to certain limited exceptions, or are considered "*per se*" violations under ERISA § 406(b), 29 U.S.C. § 1106(b), that are not subject to any exceptions because they entail a high potential for abuse.

40. ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits fiduciaries from transferring plan assets to a "party in interest."

41. ERISA § 406(b), 29 U.S.C. § 1106(b), provides, in pertinent part, that:

> A fiduciary with respect to a plan shall not—
>
> (1) deal with the assets of the plan in his own interest or for his own account,
>
> (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are

> adverse to the interests of the plan or the interests of its participants or beneficiaries, or
>
> (3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

**C. Fiduciary Liability Under ERISA**

42. Under ERISA § 409, 29 U.S.C. § 1109, fiduciaries of the Savings Plan are personally liable to make good to the Savings Plan any harm caused by their breaches of fiduciary duties. ERISA § 409(a), 29 U.S.C. § 1109(a), provides in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

43. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), authorizes and enables participants and beneficiaries to bring civil actions to seek appropriate relief for a plan under ERISA § 409(a), 29 U.S.C. § 1109(a).

**D. Co-Fiduciary Liability Under ERISA**

44. ERISA provides for co-fiduciary liability where a fiduciary knowingly participates in, or knowingly fails to cure, a breach by another fiduciary. ERISA § 405(a), 29 U.S.C. § 1105(a), provides that a fiduciary shall be liable for a breach of fiduciary duty by a co-fiduciary:

(1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

(2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

## VII. THE SAVINGS PLAN

45. The Savings Plan described in paragraph 23, above, was to be funded by both employer and employee contributions.

46. Prospect Medical is named in the written Savings Plan document as the Employer, the Named Fiduciary, and the Plan Administrator of the Savings Plan.

47. Prospect Medical is the Sponsor of the Savings Plan as defined in ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

## VIII. PROSPECT MEDICAL'S BREACHES OF FIDUCIARY DUTIES

48. Defendant Prospect Medical breached its fiduciary duties under ERISA by, among other things, failing to administer the Savings Plan prudently and in the best interests of the Savings Plan and its participants, and engaging in prohibited transactions and self-dealing. The Doe Defendants either made or orchestrated key decisions that enabled these breaches.

49. Prospect Medical was required to make Employer Matching Contributions to the Savings Plan that were to be allocated to the accounts of employees who contributed to the Savings Plan each year.

50. As Plan Administrator and Named Fiduciary, Prospect Medical had a fiduciary obligation to collect Employer Matching Contributions and deposit them in the Savings Plan, to be allocated to participants' accounts.

51. Prospect Medical expressly admitted its failure to deposit approximately $47.8 million[2] in Employer Matching Contributions, including deposits to the Savings Plan, during the years leading up to its Chapter 11 bankruptcy in early 2025. Prospect Medical's Chief Restructuring Officer made the following statement under oath in proceedings in the Bankruptcy Court:

> (a) 401(k) Match. The Debtors maintain a defined contribution plan for the benefit of all employees meeting the requirements of sections 401(a) and 401(k) of the Internal Revenue Code (the "401(k) Savings Plan"). The 401(k) Savings Plan is primarily funded with withholdings from employee wages, though the Company also matches a percentage of an employee's contribution to the 401(k) Savings Plan. However, due **to *the Company's recent liquidity shortfalls, said match has been drastically underfunded in recent years, and the Debtors estimate they owe nearly $48 million with respect to the 401(k) Savings Plan***. Said failure to fund the 401(K) match is considered an ERISA violation….

Rundell Decl., Prospect Bankruptcy ECF 41, at ¶ 50 (emphasis supplied).

52. Some or all of the Employer Matching Contributions were not collected or deposited in the Savings Plan for the years 2022, 2023 and 2024.

53. On information and belief, despite Prospect Medical's fiduciary obligations to the Savings Plan, Prospect Medical chose to use funds required to be deposited as Employer Matching Contributions for the Savings Plan years 2022, 2023 and 2024 for its

---

[2] Prospect Medical has informed Plaintiffs that it contends that the gross unpaid Employer Matching Contributions to the Savings Plan were $18.7 million. Plaintiffs will seek to ascertain the actual amount through discovery.

own benefit instead, to fund its operating and other expenses on account of its admitted "liquidity shortfall."

## IX. REPRESENTATIVE AND CLASS ACTION ALLEGATIONS

54. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), authorizes any participant or beneficiary of the Savings Plan to bring an action to enforce a breaching fiduciary's liability to the Savings Plan under ERISA § 409(a), 29 U.S.C. § 1109(a).

55. In order to enhance the due process protections of unnamed participants and beneficiaries of the Savings Plan, as an alternative to a direct individual action on behalf of the Savings Plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), Plaintiffs seek to certify this action as a class action on behalf of the Savings Plan's participants and beneficiaries. Specifically, Plaintiffs seek to certify, and to be appointed as representatives of, the following class (the "Class"):

> All participants in the Savings Plan who were eligible for but did not receive an Employer Matching Contribution deposited to their Savings Plan accounts for some or all of Savings Plan years 2022-2024, excluding (a) any individual Defendants, (b) any officers or employees of Prospect Medical or its subsidiaries and affiliates with responsibility for the Savings Plan's administrative function, and (c) any Savings Plan participant that elected to retain their priority claims and receive the treatment provided for those claims under the Reorganization Plan.

56. This action meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and is certifiable as a class action for the following reasons:

a. The Class includes thousands of members and is therefore so large that joinder of all its members is impracticable.

b. There are numerous questions of law and fact common to the Class because the Defendants owed the same fiduciary duties to the Savings Plan and to

all participants and beneficiaries, and took a common course of conduct as alleged herein that affected all Class members in the same way through their participation in the Savings Plan. Questions of law and fact common to the Class include the following:

i. Whether Prospect Medical breached its fiduciary duties with respect to collecting and/or depositing to the Savings Plan the Employer Matching Contribution for Savings Plan Years 2022-2024;

ii. Whether Prospect Medical breached its fiduciary duties by using the Employer Matching Contribution funds withheld from the Savings Plan for its own benefit and the benefit of other persons;

iii. What losses to the Savings Plan and the Class resulted from Prospect Medical's breaches of fiduciary duty; and

iv. What Savings Plan-wide equitable and other relief the Court should impose in light of Prospect Medical's breaches of duty.

c. Plaintiffs' claims are typical of the claims of each Class member, because Plaintiffs were participants in the Savings Plan during the time period at issue and remain participants under ERISA § 3(7), 29 U.S.C. § 1002(7). Plaintiffs and all Class members were harmed by Prospect Medical's misconduct.

d. Plaintiffs are adequate representatives of the Class because they participated in the Savings Plan during Plan Years 2022-2024, have no interest that conflicts with the Class, are committed to the vigorous representation of the Class, and have engaged experienced and competent lawyers to represent the Class.

57. Class certification of Plaintiff's claims is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1)(A) or (B) because the prosecution of separate actions for these breaches of fiduciary duties by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of

conduct for Prospect Medical, and because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party Class members.

58. In the alternative, Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because Prospect Medical has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

59. Additionally, or in the alternative, the Class may be certified under Rule 23(b)(3). A class action is the superior method for the fair and efficient adjudication of this controversy because joinder of all participants and beneficiaries is impracticable, the losses suffered by individual participants and beneficiaries may be small and it is impracticable for individual members to enforce their rights through individual actions, and common questions of law and fact predominate over individual questions. Given the nature of the allegations, no Class member has an interest in individually controlling the prosecution of this matter, and Plaintiffs are aware of no difficulties likely to be encountered in the management of this matter as a class action.

60. Plaintiffs' counsel, Keller Rohrback LLP, will fairly and adequately represent the interests of the Class and is best able to represent the interests of the Class under Rule 23(g). Keller Rohrback has already spent significant time and effort asserting Plaintiffs' claims in the Prospect Bankruptcy and negotiating both an exemption from the Reorganization Plan injunction and relief from the automatic stay in order to proceed to pursue their claims to the extent of available insurance proceeds post-bankruptcy.

## X. CLAIMS FOR RELIEF

### COUNT ONE

### Breaches of the Duty of Loyalty

**(Violation of ERISA §§ 403 and 404(a)(1)(A), 29 U.S.C. §§ 1103 and 1104(a)(1)(A))**

**(Against Defendant Prospect Medical and Doe Defendants)**

61. Plaintiffs restate and incorporate the allegations contained in the preceding paragraphs 1 through 60 as if set forth in full.

62. At all relevant times, Prospect Medical was the named fiduciary and plan administrator of the Savings Plan and additionally acted as a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), by exercising authority and control with respect to the management of the Savings Plan and its assets.

63. At all relevant times, the Doe Defendants acted as fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), by exercising authority and control with respect to the management of the Savings Plan and its assets.

64. As Savings Plan fiduciaries, Prospect Medical and the Doe Defendants had a duty under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), to act in the sole interest of Savings Plan participants and beneficiaries.

65. ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1), requires plan assets to be held only for the exclusive purposes of providing benefits to plan participants and defraying reasonable plan administration expenses. It expressly forbids plan assets to inure to any employer's benefit.

66. Prospect Medical was obligated to deposit and/or collect Employer Matching Contributions to the Savings Plan on account of the contributions deposited to the Savings Plan by eligible participants, including Plaintiffs.

67. During the relevant period, Prospect Medical breached its fiduciary duties by failing to promptly collect for and remit to the Savings Plan all Employer Matching Contributions as required by ERISA and the Savings Plan.

68. Instead, Prospect Medical and the Doe Defendants breached their fiduciary duties by deciding not to make and allowing the Employer Matching Contributions to be used to pay Prospect Medical's operating expenses.

69. Use of Employer Matching Contributions to pay Prospect Medical's operating expenses was not in the best interest of Savings Plan participants or beneficiaries and was, therefore, disloyal, as well as imprudent.

70. By their actions and omissions, Prospect Medical and the Doe Defendants decided to have, and allowed, Savings Plan assets to inure to the direct benefit of Prospect Medical, its subsidiaries and affiliates.

71. By their actions and omissions, Prospect Medical and the Doe Defendants failed to discharge their duties to the Savings Plan solely in the interests of Savings Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Savings Plan administration expenses, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

72. Prospect Medical and the Doe Defendants are therefore liable under ERISA § 409(a), 29 U.S.C. § 1109(a), for the harm suffered by the Savings Plan on account of their breaches of fiduciary duty.

**COUNT TWO**

**Breaches of the Duties of Prudence**

**(Violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B))**

**(Against Defendant Prospect Medical and the Doe Defendants)**

73. Plaintiffs restate and incorporate the allegations contained in the preceding paragraphs 1 through 72 as if set forth in full.

74. As Savings Plan fiduciaries, Prospect Medical and the Doe Defendants had a duty under ERISA § 404(a)(1)(B), 29 U.S.C. 1104(a)(1)(B), to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

75. A prudent person acting in a fiduciary capacity in similar circumstances would promptly collect and deposit all Employer Matching Contributions to the Savings Plan in a timely manner as required by ERISA and the Savings Plan, so that the Savings Plan and its participants could have the additional assets to which they were entitled and seek a reasonable investment return on their retirement savings.

76. By their actions and omissions, Prospect Medical and the Doe Defendants deprived the Savings Plan and its participants of their right to have further assets and to seek a reasonable investment return on their retirement savings.

77. Therefore, Prospect Medical and the Doe Defendants failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

78. Prospect Medical and the Doe Defendants are therefore liable under ERISA § 409(a), 29 U.S.C. § 1109(a), for harms suffered by the Savings Plan.

**COUNT THREE**

**Prohibited Transactions**

**(Violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D))**

**(Against Defendant Prospect Medical)**

79. Plaintiffs restate and incorporate the allegations contained in the preceding paragraphs 1 through 78 as if set forth in full.

80. ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits fiduciaries from transferring plan assets to a "party in interest."

81. Prospect Medical, as Savings Plan sponsor, as a fiduciary, and as an employer whose employees were and continue to be covered by the Savings Plan, was a "party in interest" to the Savings Plan. ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

82. During the relevant time period, Prospect Medical failed to timely collect and remit to the Savings Plan the Employer Matching Contributions.

83. Instead of collecting and remitting all Employer Matching Contributions to the Savings Plan in a timely manner as required by ERISA and the Savings Plan, Prospect Medical retained the funds for itself and used them to pay the operating expenses of Prospect Medical and its affiliates and subsidiaries.

84. By its actions and omissions, Prospect Medical caused the Savings Plan to enter into transactions that it knew or should have known constituted prohibited transfers of Savings Plan assets to a party in interest in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

85. Prospect Medical is therefore liable under ERISA § 409(a), 29 U.S.C. § 1009(a), for harms suffered by the Savings Plan and its participants.

**COUNT FOUR**

**Prohibited Self-Dealing**

**(Violation of ERISA § 406(b), 29 U.S.C. § 1106(b))**

**(Against Defendant Prospect Medical)**

86. Plaintiffs restate and incorporate the allegations contained in the preceding paragraphs 1 through 85 as if set forth in full.

87. ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1), prohibits plan fiduciaries from dealing with plan assets in their "own interest" or for their "own account."

88. ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), prohibits plan fiduciaries from acting in any transaction involving the plan on behalf of a party whose interests are adverse to the interests of the plan or its participants and beneficiaries.

89. During the relevant time period, Prospect Medical used Savings Plan assets to pay its general operating expenses, which benefited Prospect Medical's business interests at the expense of the Savings Plan and its participants and beneficiaries.

90. By its actions and omissions, Prospect Medical engaged in prohibited self-dealing in violation of ERISA §§ 406(b)(1) and (2), 29 U.S.C. §§ 1106(b)(1) and (2).

91. Prospect Medical is therefore liable under ERISA § 409(a), 29 U.S.C. § 1109(a), for harms suffered by the Savings Plan.

**COUNT FIVE**

**Co-Fiduciary Liability**

**(Violation of ERISA § 405(a)(1)-(3), 29 U.S.C. § 1105(a)(1)-(3))**

**(Against All Defendants)**

92. Plaintiffs restate and incorporate the allegations contained in the preceding paragraphs 1 through 91 as if set forth in full.

93. A fiduciary with respect to a plan is liable for the breach "of another fiduciary" of the same plan "if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach," ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1), or "if, by his failure to comply with [his fiduciary duties] in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach," ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), or "if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach," ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3).

94. To the extent other fiduciaries of the Savings Plan breached their fiduciary duties as set forth above, Prospect Medical is liable as co-fiduciary with respect to the above-described violations because it participated knowingly in its co-fiduciaries' breaches; imprudently and disloyally enabled other fiduciaries to breach their duties under ERISA; enabled its co-fiduciaries to commit the breaches; and/or failed to make any reasonable efforts to remedy the breaches.

95. To the extent Prospect Medical breached its fiduciary duties as set forth above, other fiduciaries of the Savings Plan are liable as co-fiduciaries with respect to the above-described violations because such other fiduciaries participated knowingly in Prospect Medical's breaches; imprudently and disloyally enabled Prospect Medical to breach its duties under ERISA; enabled Prospect Medical to commit the breaches; and/or failed to make any reasonable efforts to remedy the breaches.

96. Defendants are therefore liable under ERISA § 405(a)(1)– (3), 29 U.S.C. § 1105(a)(1)–(3), for harms suffered by the Savings Plan.

## DEMAND FOR JURY TRIAL

97. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand trial by jury of all issues triable to a jury.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of the Savings Plan and all similarly situated Savings Plan participants and beneficiaries, request that the Court enter judgment in their favor and against Prospect Medical, provided that liability for such judgment shall be limited to funds available under the Fiduciary Liability Policies:

A. determining that Defendants have breached their fiduciary duties, have engaged in prohibited transactions including but not limited to fiduciary self-dealing, and/or have improperly used Employer Matching Funds for Prospect Medical's own benefit;

B. determining that Defendants are liable, to the extent of funds available under the Fiduciary Liability Policies, to make good to the Savings Plan the losses to the Savings Plan resulting from each breach of fiduciary duty, and to otherwise restore the Savings Plan to the position it would occupy but for the breaches of fiduciary duty;

C. ordering Defendants to make good to the Savings Plan, to the extent of funds available under the Fiduciary Liability Policies, the losses resulting from each breach of fiduciary duty and to restore to the Savings Plan any profits resulting from each breach of fiduciary duty;

D. determining that Defendants are liable to the Savings Plan for appropriate equitable relief;

E. ordering the proceeds of any plan-wide recovery for the Savings Plan to be allocated to the accounts of members of the Class to make them whole for any injury that they have suffered as a result of the breaches of ERISA in accordance with the Court's declaration;

F. ordering Prospect Medical to provide all accountings necessary to determine the amounts Defendants must make good to the Savings Plan, to the extent of funds available under the Fiduciary Liability Policies, under ERISA § 409(a), 29 U.S.C. § 1109(a);

G. ordering Defendants, to the extent of funds available under Fiduciary Liability Policies, to pay the fees charged and costs incurred by the independent fiduciary or its agents in administering the Savings Plan and its assets;

H. certifying the Class, appointing the Plaintiffs as class representatives, and appointing Keller Rohrback LLP as Class Counsel;

I. awarding to the Plaintiffs and the Class their attorneys' fees and costs under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), and/or the common fund doctrine, to the extent of funds available under the Fiduciary Liability Policies;

J. ordering Defendants, to the extent of funds available under the Fiduciary Liability Policies, to pay interest to the extent allowed by law;

K. Ordering that Plaintiffs may recover the amount of any judgment herein from the Fiduciary Liability Policies; and

L. granting Plaintiffs such other equitable or remedial relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 16th day of June, 2026.

KELLER ROHRBACK L.L.P.

By *_/s/ Jeffrey Lewis_*
Jeffrey Lewis (SBN 66587)
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel. (510) 463-3900
jlewis@kellerrohrback.com

By *_/s/ Alison E. Chase_*
Alison E. Chase (SBN 226976)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel. (805) 456-1496
achase@kellerrohrback.com

KELLER ROHRBACK L.L.P.
Gary A. Gotto (*pro hac* forthcoming)
Christopher Graver (*pro hac* forthcoming)
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Tel. (602) 248-0088
ggotto@kellerrohrback.com
cgraver@kellerrohrback.com

KELLER ROHRBACK L.L.P.
Erin M. Riley (*pro hac* forthcoming)
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Tel. (206) 623-1900
eriley@kellerrohrback.com

Attorneys for Plaintiffs