GROOM LAW GROUP, CHARTERED
William J. Delany (admitted *pro hac vice*)
wdelany@groom.com
Patrick C. DiCarlo (admitted *pro hac vice*)
pdicarlo@groom.com
1701 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 857-0620; Fax: (202) 659-4503

MUSICK, PEELER, & GARRETT LLP
William A. Bossen (SBN 131438)
w.bossen@musickpeeler.com
Christopher D. Holt (SBN 228399)
c.holt@musickpeeler.com
333 South Hope Street, Suite 2900
Los Angeles, CA 90071
Tel: (213) 629-7976
Fax: (213) 624-1376

*Counsel for Defendant Prospect Medical Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Alan Zweben, et al.,

Plaintiffs,

v.

Prospect Medical Holdings, Inc., et al.,

Defendants.

No. 2:26-cv-06548-HDV-SSC

**DEFENDANT PROSPECT MEDICAL HOLDINGS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Date: November 5, 2026
Time: 10:00 AM PT
Judge: Hon. Hernán D. Vera
Courtroom: 5B, Fifth Floor

## TABLE OF CONTENTS


INTRODUCTION ..... 1

BACKGROUND ..... 2

LEGAL STANDARD ..... 5

ARGUMENT ..... 5

I. Unpaid Matching Contributions Are Not Plan Assets. ..... 5

II. Plaintiffs Have Failed to State a Claim for Breach of Fiduciary Duty. ..... 7

A. Plaintiffs Have Failed to Allege that Defendant Acted in a Fiduciary Capacity. ..... 7

B. Plaintiffs Have Failed to Plead Facts Showing a Breach of the Fiduciary Duties of Loyalty or Prudence. ..... 9

III. Plaintiffs Fail to State a Prohibited Transaction Claim. ..... 12

A. Plaintiffs Fail to State a Prohibited Transaction Claim Under Section 406(a)(1)(D). ..... 12

B. Plaintiffs Fail to State a Prohibited Transaction Claim Under Section 406(b). ..... 14

IV. Plaintiffs Fail to State a Claim for Co-Fiduciary Liability. ..... 15

CONCLUSION ..... 17

## TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Acosta v. Brain*,
910 F.3d 502 (9th Cir. 2018)....................8

*Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm.*,
953 F.2d 587 (11th Cir. 1992)....................10

*Anderson v. Intel Corp. Inv. Pol'y Comm.*,
No. 19-CV-04618, 2022 WL 74002 (N.D. Cal. Jan. 8, 2022)....................2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................... 5, 12, 15, 16

*Bafford v. Northrop Grumman Corp.*,
994 F.3d 1020 (9th Cir. 2021)....................7, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................5

*Bos v. Board of Trustees*,
795 F.3d 1006 (9th Cir. 2015)....................5, 6

*Bos v. Board of Trustees*,
818 F.3d 486 (9th Cir. 2016)....................6

*Carpenters Pension Tr. Fund v. Moxley*,
734 F.3d 864 (9th Cir. 2013)....................5

*Carr v. Int'l Game Tech.*,
770 F. Supp. 2d 1080 (D. Nev. 2011).................... 16, 17

*Central States Pension Fund v. Central Transp., Inc.*,
472 U.S. 559 (1985)....................11

*Cline v. Indus. Maint. Eng'g & Cont. Co.*,
200 F.3d 1223 (9th Cir. 2000).................... *passim*

*Collins v. Pension and Ins. Committee of S. Cal. Rock Prods. & Ready Mixed Concrete Assocs.*,
144 F.3d 1279 (9th Cir. 1998)....................11

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010)....................2

*Depot, Inc. v. Caring for Montanans, Inc.*,
915 F.3d 643 (9th Cir. 2019)....7

*Glazing Health and Welfare Fund v. Lamek*,
896 F.3d 908 (9th Cir. 2018)....6

*Hall v. Hill Refrigeration, Inc.*,
36 F. Supp. 2d 1185 (C.D. Cal. 1999) ....7, 9

*In re Brobeck, Phleger & Harrison, LLP*,
414 B.R. 627 (Bankr. N.D. Cal. 2009) ....9

*In re Hemmeter*,
242 F.2d 1186 (9th Cir. 2001) ....6

*In re Prospect Medical Holdings, Inc.*,
No. 25-80002-SGJ (Bankr. N.D. Tex. filed Jan. 11, 2025) ....3, 4

*In re Syncor ERISA Litig.*,
351 F. Supp. 2d 970 (C.D. Cal. 2004) ....16

*Jacob v. RTX Corporation*,
817 F. Supp. 3d 341 (E.D. Va. 2026) ....10

*Koeplin v. Klotz*,
265 F. Supp. 3d 1039 (N.D. Cal. 2017)....2

*Lockheed v. Spink*,
517 U.S. 882 (1996).... 1, 7, 12, 13

*Maez v. Mountain States Tel., Inc.*,
54 F.3d 1488 (10th Cir. 1995) ....10

*Martinez v. Newsom*,
46 F.4th 965 (9th Cir. 2022) ....5

*Mciver v. Metro. Life Ins. Co.*,
No. SA CV 21-01967, 2022 WL 3013199 (C.D. Cal. May 23, 2022)....9

*Monper v. Boeing Co.*,
104 F. Supp. 3d 1170 (W.D. Wash. 2015).... 16, 17

*Pegram v. Herdrich*,
530 U.S. 211 (2000).... 8, 11, 16

*Pfahler v. Nat'l Latex Prods. Co.*,
517 F.3d 816 (6th Cir. 2007)....11

*Ramos v. Natures Image*,
No. CV 19-7094, 2020 WL 2404902 (C.D. Cal. Feb. 19, 2020)....9

*Santomenno v. Transamerica Life Ins. Co.*,
883 F.3d 833 (9th Cir. 2018)....8

*Thondukolam v. Corteva, Inc.*,
No. 19-cv-3857, 2020 WL 1984303 (N.D. Cal. Apr. 27, 2020)....13

*Tibble v. Edison Int'l*,
639 F. Supp. 2d 1122 (C.D. Cal. 2009) .... 12, 13

*Tool v. Nat'l Emp. Benefit Servs., Inc.*,
957 F. Supp. 1114 (N.D. Cal. 1996) ....16

*Wright v. Oregon Metallurgical Corp*.,
360 F.3d 1090 (9th Cir. 2004).... 12, 13

**Statutes**

26 U.S.C. § 401(k) ....2

29 U.S.C. § 1002(21)(A)....7

29 U.S.C. § 1102(a)(2)....7

29 U.S.C. § 1103 ....9

29 U.S.C. § 1103(a) ....10

29 U.S.C. § 1103(c) ....10

29 U.S.C. § 1104(a)(1)....9, 11

29 U.S.C. § 1105(a) ....4, 15

29 U.S.C. § 1106....12

29 U.S.C. § 1106(a) .... 4, 12, 13

29 U.S.C. § 1106(b) .... 1, 4, 14

**Rules**

Fed. R. Civ. P. 12(b)(6)....5

**Regulations**

29 C.F.R. § 2509.75-8(D-2)....9

## INTRODUCTION

The gist of Plaintiffs' Class Action Complaint (Dkt. 1, "Complaint" or "Compl.") is that Defendant did not pay employer matching contributions to the Prospect Medical Retirement Savings Plan A ("Savings Plan") for plan years 2022 through 2024, which Plaintiffs contend breached fiduciary duties and the prohibited transaction rules under the Employee Retirement and Income Security Act of 1974 ("ERISA"). Specifically, they allege that Defendant Prospect Medical Holdings, Inc. ("Prospect Medical") is liable for breach of fiduciary duty (Counts I and II), prohibited transactions (Counts III and IV) and co-fiduciary liability (Count V).

However, the Ninth Circuit has consistently held that unpaid matching contributions are not plan assets. *See Cline v. Indus. Maint. Eng'g & Cont. Co.*, 200 F.3d 1223, 1234 (9th Cir. 2000). Because Plaintiffs seek matching contributions that were never actually paid to the Savings Plan, Plaintiffs have not pled facts sufficient to show that Prospect Medical acted in a fiduciary capacity with respect to matching contributions. Further, Plaintiffs' allegation that Defendant allowed "Savings Plan assets to inure to the direct benefit of" Defendant fails because the unpaid matching contributions are not plan assets, and an anti-inurement violation requires the reversion or diversion of plan assets back to the sponsor.

The absence of Plan assets is also fatal to Plaintiffs' prohibited transaction claims. Moreover, Plaintiffs' prohibited transaction claims do not identify a commercial "transaction" as defined by the U.S. Supreme Court in *Lockheed v. Spink*, 517 U.S. 882, 893 (1996), but instead challenge the absence of a transaction. Nor do Plaintiffs identify any party whose interests are adverse to the Plan for purposes of 29 U.S.C. § 1106(b)(2). Plaintiffs also fail to plead facts showing Defendants breached a co-fiduciary duty.

Because Plaintiffs fail to plausibly state any claim against Defendant, the Court should dismiss the Complaint with prejudice.

## BACKGROUND

The Savings Plan is an ERISA defined contribution plan qualified under section 401(k) of the Internal Revenue Code. Compl. ¶ 23. The Savings Plan is "established and maintained" pursuant to a written Plan Document. *Id.*; *see* Declaration of Patrick C. DiCarlo ("Decl."), Ex. A ("Plan Document"). The Plan Document itself is a standard-form document including boilerplate provisions that may or may not apply to the Savings Plan. The associated Adoption Agreement includes Prospect Medical's particular selections with respect to the Plan Document. *See* Decl., Ex. B ("Adoption Agreement"). *See also* Decl., Exs. C-I. The Plan Document therefore must be read together with Prospect Medical's Adoption Agreement in order to meaningfully discern the terms of the Savings Plan. *See, e.g.*, *Koeplin v. Klotz*, 265 F. Supp. 3d 1039, 1040 n.2 (N.D. Cal. 2017) (considering both plan document and adoption agreement on motion to dismiss).[1]

Plaintiff Alan Zweben alleges that he was employed by Prospect Medical's subsidiary Crozer Health until May 2025, and that he participated in the Savings Plan during his employment. Compl. ¶ 20. Plaintiff Jessica Kline alleges that she was employed by Crozer Health until April 2025, and that she participated in the Savings Plan during her employment. *Id.* ¶ 21. Both Plaintiffs allege that they did not receive matching contributions from Prospect Medical ("Employer Matching Contributions") for plan years 2022 through 2024. *Id.* ¶¶ 3, 20-22.

---

[1] The Court may consider the Plan Document and Adoption Agreement here because the Complaint refers to them, they are central to Plaintiffs' claims, *see, e.g.*, Compl. ¶¶ 23, 38, 46, and their authenticity cannot be reasonably disputed. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). *See also, e.g.*, *Anderson v. Intel Corp. Inv. Pol'y Comm.*, No. 19-CV-04618, 2022 WL 74002, at *7 (N.D. Cal. Jan. 8, 2022) (considering defendants' exhibits that were "referenced, mentioned, or quoted" in complaint alleging ERISA breach of fiduciary duty claims).

Defendant Prospect Medical sponsored and administered the Savings Plan during the time period relevant to Plaintiffs' Complaint. *See* Compl. ¶ 25.[2] Prospect Medical's Adoption Agreement for the Plan Document provides that "[t]he Employer" (i.e., Prospect Medical) "may make *discretionary* Matching Contributions." Adoption Agreement § P(6) (emphasis added). Specifically with respect to employees of Prospect Crozer, LLC, it provides that Prospect Medical "*may* make discretionary Matching Contributions for Participants in Group[] . . . 5," and "[t]he percentage of Elective Deferral Contributions matched, if any, shall be a percentage *as determined by the Employer*." Adoption Agreement Addendum § I(1) (emphasis added). *See also id.* (defining Group 5 as "Employees of the Employers listed in the Employer Contribution Grouping C" and defining Employer Grouping C to include "Prospect Crozer, LLC"). So too in the subsequent amended versions of the Adoption Agreement. *See* Decl., Exs. C-E § P(6), Addendum § I(1).[3]

Following a period of financial distress, Prospect Medical filed for Chapter 11 protection in January 2025: *In re Prospect Medical Holdings, Inc.*, No. 25-80002-SGJ (Bankr. N.D. Tex. filed Jan. 11, 2025) ("Prospect Medical Bankruptcy"). Compl. ¶ 13. The Bankruptcy Court subsequently confirmed Debtors' "Second Amended Joint Chapter 11 Plan" on December 15, 2025, and the reorganization plan

[2] Plaintiffs do not identify a single additional defendant beyond Prospect Medical by name. Their Complaint instead names "Black Companies I-X" and "John Does I-X" as placeholder Defendants, whom Plaintiffs describe as persons "whose identities are not yet known" and whose "real names" Plaintiffs intend to substitute only after discovery. Compl. ¶¶ 2, 27.

[3] In the third amended version of the Adoption Agreement, "Prospect Crozer, LLC" employees are referenced in Group 4 ("Employees of the Employers listed in the Employer Contribution Grouping C") rather than Group 5 (as in prior versions of the Adoption Agreement). *See* Decl., Ex. E Addendum § I(1). *See also id.* ("The Employer *may* make discretionary Matching Contributions for Participants in Group[] . . . 4[.]") (emphasis added).

became effective on March 6, 2026. *Id.* ¶¶ 16-17. *See also* Prospect Medical Bankruptcy, Dkts. 4230, 4791.

Pursuant to an "Amended Stipulation and Agreed Order By and Among the Debtors and the Putative Class Representatives Regarding the 401(k) Settlement" entered by the Bankruptcy Court on December 15, 2025, former Prospect Medical employees with potential claims arising from Prospect Medical's alleged failure to fund Employer Matching Contributions were permitted—to the extent they did not opt out—to pursue such claims against Prospect Medical, with any recovery to be satisfied solely from the proceeds of certain fiduciary liability insurance policies covering fiduciaries of the Savings Plan. Compl. ¶¶ 17, 18; Prospect Medical Bankruptcy, Dkt. 4231 ("Amended Stipulation"). On June 9, 2026, the Bankruptcy Court entered a stipulated order providing Plaintiffs relief from the automatic stay to pursue the claims contemplated by the December 15, 2025 Amended Stipulation. Compl. ¶ 19; Prospect Medical Bankruptcy, Dkt. 5137.

Plaintiffs initiated this suit on June 16, 2026. *See* Compl. The gravamen of their Complaint is that Prospect Medical did not timely collect and deposit Employer Matching Contributions allegedly owed to Savings Plan participants for plan years 2022 through 2024, and instead used those funds for its own operating expenses during a period of financial distress. *Id.* ¶¶ 4, 7, 9, 53. Consistent with the Amended Stipulation, Plaintiffs only seek to recover from the proceeds of certain fiduciary liability insurance policies identified in the Complaint. Compl. ¶¶ 12, 17. Plaintiffs plead five counts against Prospect Medical—breach of ERISA's duty of loyalty, breach of ERISA's duty of prudence, prohibited transactions under ERISA Section 406(a)(1)(D), prohibited self-dealing under ERISA Section 406(b), and co-fiduciary liability under ERISA Section 405(a)—all of which, as set forth below, are subject to dismissal.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts accept well-pleaded facts, courts are "not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Id.* And courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint[.]" *Martinez v. Newsom*, 46 F.4th 965, 971 (9th Cir. 2022), *cert. denied*, 215 L. Ed. 2d 670.

## ARGUMENT

### I. Unpaid Matching Contributions Are Not Plan Assets.

The Ninth Circuit has held that: "Until the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation; this is true even where the employer is also a fiduciary of the plan." *Cline*, 200 F.3d at 1234 (citations omitted). The *Cline* court also held that the "allegation that employer contributions were withheld cannot provide the basis for a prohibited transaction claim because no 'plan assets' are involved." *Id.*; *see also Carpenters Pension Tr. Fund v. Moxley*, 734 F.3d 864, 867 (9th Cir. 2013) ("[M]oney that is owed to the Fund is not in the Fund, and is therefore not yet a Fund 'asset'").

In *Bos v. Board of Trustees*, 795 F.3d 1006 (9th Cir. 2015) ("*Bos I*"), the court framed the issue before it as follows: "We must decide whether an employer's contractual requirement to contribute to an employee benefits trust fund makes it a fiduciary of unpaid contributions." *Id*. at 1007. The court made clear that: "We have

consistently held that unpaid contributions by employers to employee benefit funds are not plan assets." *Id*. at 1009 (citing *Cline*, 200 F.3d at 1234). The *Bos I* court noted that other courts had recognized an exception to *Cline* "when the plan document expressly defines the fund to include future payments."[4] *Id*. After analyzing the pertinent caselaw, the court declined to create an exception to the general rule that "unpaid contributions to employee benefit funds are not plan assets[.]" *Id*. at 1012. In a subsequent opinion addressing an attorney fee claim, the same panel found that it had previously concluded that Bos "was not a fiduciary under ERISA, and thus the Bankruptcy Code's 'fiduciary exception' to discharge could not be applied to him." *Bos v. Board of Trustees*, 818 F.3d 486, 489 (9th Cir. 2016) ("*Bos II*").

In *Glazing Health and Welfare Fund v. Lamek*, 896 F.3d 908 (9th Cir. 2018), plaintiffs attempted to distinguish *Bos I* on the grounds that it was a bankruptcy case, and that fiduciary duties are construed more broadly under ERISA than under the Bankruptcy Code. *Id*. at 911. The Ninth Circuit rejected this argument, finding:

> [I]n *Bos I*, we declined to recognize an exception to the "general rule that unpaid contributions to employee benefit funds are not plan assets" and accordingly held that Bos was not a fiduciary under ERISA. 795 F.3d at 1012; *see also id*. at 1008-11. We then concluded that because Bos was not a fiduciary under ERISA, he was also not a fiduciary under § 523(a)(4). *See Bos I*, 795 F.3d at 1008 ("If an individual is a fiduciary for purposes of [ERISA], the individual is also treated as a fiduciary for purposes of § 523(a)(4)." (citing *In re Hemmeter*, 242 F.2d 1186, 1190 (9th Cir. 2001)). Thus, contrary to the Trusts' assertions, the implication of *Bos I* extend beyond bankruptcy to ERISA.

*Glazing Health*, 896 F.3d at 911-912; *see also Bos II*.

---

[4] The Complaint does not include any factual allegations that the Savings Plan terms define plan assets or make matching contributions mandatory.

Thus, the Ninth Circuit has clearly, and repeatedly, held that unpaid employer matching contributions are not ERISA plan assets. As discussed in greater detail below, the fact that Plaintiffs seek unpaid Employer Matching Contributions is fatal to their claims.

## II. Plaintiffs Have Failed to State a Claim for Breach of Fiduciary Duty.

### A. Plaintiffs Have Failed to Allege that Defendant Acted in a Fiduciary Capacity.

ERISA provides that "a person is a fiduciary with respect to a plan" only "to the extent" that they "exercise[] any discretionary authority or discretionary control respecting management of such plan or exercise[] any authority or control respecting management or disposition of its assets" or have "any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). *See also* Compl. ¶ 25. The Supreme Court has recognized that "only when fulfilling [these] defined functions[] . . . does a person become a fiduciary under" Section 1002(21)(A). *Spink*, 517 U.S. at 890 (citation modified).

Therefore, an "alleged wrong must occur in connection with the performance of a fiduciary function to be cognizable as a breach of fiduciary duty." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1028 (9th Cir. 2021). *See also Hall v. Hill Refrigeration, Inc.*, 36 F. Supp. 2d 1185, 1188 (C.D. Cal. 1999) (An ERISA fiduciary "is not subject to those fiduciary duties in all of his life activities.").[5] And because "a person may be a fiduciary with respect to some actions but not others," *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 654 (9th Cir. 2019), "the threshold question" in "every case charging breach of ERISA fiduciary duty[]" is

---

[5] Although Plaintiffs allege that Prospect Medical is "a named fiduciary" of the Savings Plan, Compl. ¶ 25; *see* 29 U.S.C. § 1102(a)(2), the Ninth Circuit has been clear that the same requirement holds true for named fiduciaries. *See Bafford*, 994 F.3d at 1026-28 (affirming dismissal of fiduciary duty claims against named fiduciaries where plaintiffs failed to allege performance of a fiduciary function).

"whether [the defendant] was acting as a fiduciary (that is, was performing a fiduciary function) when taking *the action subject to complaint*[,]" *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) (emphasis added). *See also Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 838 (9th Cir. 2018) ("The Supreme Court has stressed that [this is] the central inquiry[.]").

In cases like this one where an alleged fiduciary is also an employer, courts must take care to "distinguish between a fiduciary acting in connection with its fiduciary responsibilities with regard to the plan, as opposed to the same individual or entity acting in its corporate capacity[]" because "[o]nly the former triggers fiduciary status; the latter does not." *Acosta v. Brain*, 910 F.3d 502, 519 (9th Cir. 2018) (citation modified). Even where "some of the decisions [at issue] personally benefitted the employer[,]" this inquiry requires courts to "examine the conduct at issue to determine whether it constitutes management or administration of the plan, giving rise to fiduciary concerns, or merely a business decision that has an effect on an ERISA plan not subject to fiduciary duties." *Id.* at 518 (citation modified).[6]

Here, the "action subject to complaint," *Pegram*, 530 U.S. at 226, is Defendant's alleged failure to make Employer Matching Contributions to the Savings Plan for plan years 2022 through 2024 and use of those funds for other corporate purposes. *See, e.g.*, Compl. ¶¶ 4, 7. Because unpaid Employer Matching Contributions are not Plan assets, Plaintiffs have not alleged that Prospect Medical exercised any authority or control respecting management or disposition of Plan assets. Rather, any such actions were business decisions taken in Defendant's corporate capacity,

[6] The Ninth Circuit has expressly acknowledged that "virtually every business decision an employer makes can have an adverse impact on an employee benefit plan[,]" but this does not render all such decisions fiduciary in nature. *Acosta*, 910 F.3d at 518.

rather than fiduciary action falling "within the scope of [Defendant's] authority" with respect to the Savings Plan. *Hall*, 36 F. Supp. 2d at 1188.

Courts have squarely held that "choosing not to make employer contributions is a business or corporate function, not a fiduciary function with respect to a plan." *In re Brobeck, Phleger & Harrison, LLP*, 414 B.R. 627, 637 (Bankr. N.D. Cal. 2009), *aff'd*, 430 B.R. 898 (N.D. Cal. 2010) (collecting cases). *See also* 29 C.F.R. § 2509.75-8(D-2) (listing "[c]ollection of contributions" as a "purely ministerial function[]," the performance of which does not make an entity an ERISA fiduciary); *Mciver v. Metro. Life Ins. Co.*, No. SA CV 21-01967, 2022 WL 3013199, at *4 (C.D. Cal. May 23, 2022) (holding that allegations regarding "just moving predetermined amounts of dollars between sets of accounts" are insufficient to allege fiduciary action). Because Defendant, "as the employer and plan sponsor, owe[s] no fiduciary duties to plan participants to make [any] required contributions," it was "wear[ing] [its] employer hat, under which [any] fiduciary duties do not attach." *Ramos v. Natures Image*, No. CV 19-7094, 2020 WL 2404902, at *8 (C.D. Cal. Feb. 19, 2020).

Because Plaintiffs can only state a fiduciary breach claim where "the alleged wrong . . . occur[red] in connection with the performance of a fiduciary function," *Bafford*, 994 F.3d at 1028, and because any actions with respect to the Employer Matching Contributions Plaintiffs challenge were corporate—not fiduciary—actions, Plaintiffs' fiduciary breach claims necessarily fail.

### B. Plaintiffs Have Failed to Plead Facts Showing a Breach of the Fiduciary Duties of Loyalty or Prudence.

In Count One, Plaintiffs allege breaches of the duty of loyalty under 29 U.S.C. §§ 1103 and 1104(a)(1)(A). Plaintiffs assert this duty was breached because Defendant failed to "promptly collect for and remit to the Savings Plan all Employer Matching Contributions"; and "decid[ed] not to make and allow[ed] the Employer Matching Contributions to be used to pay" Defendant's operating expense. Compl.

¶¶ 67, 68. Plaintiffs also allege that Defendant allowed "Savings Plan *assets* to inure to the direct benefit of" Defendant. *Id.* ¶ 70 (emphasis added). Thus, the fiduciary breaches alleged in Counts One and Two are predicated on the assumption that the unpaid Employer Matching Contributions are plan assets.

Moreover, several courts have recognized that claims under ERISA's "anti-inurement provision"—29 U.S.C. § 1103(c)—"usually require reversion or diversion of plan assets back to the sponsor." *Jacob v. RTX Corporation*, 817 F. Supp. 3d 341, 351 (E.D. Va. 2026). In support of this conclusion, the *Jacob* court cited the following opinions:

> *Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm.*, 953 F.2d 587, 592 n. 6 (11th Cir. 1992) ("The [anti-inurement provision] can only be violated if there has been a removal of plan assets for the benefit of the plan sponsor or anyone other than the plan participants."); *Maez v. Mountain States Tel., Inc.*, 54 F.3d 1488, 1506 (10th Cir. 1995) (finding that a plaintiff failed to state a claim under the anti-inurement provision where "no such revision, diversion, or any sort of payment of surplus assets … is alleged.").

*Jacob*, 817 F. Supp. 3d at 351. Because the Complaint does not include any allegations that any money left the plan, it fails to state a claim for breach of fiduciary duty.

Plaintiffs' reliance on 29 U.S.C. § 1103(a) does not alter this result. Section 1103(a) simply requires that "*all assets of an employee benefit plan* shall be held in trust by one or more trustees" and "the trustee or trustees shall have exclusive authority and discretion to manage and control the assets of the plan[.]" 29 U.S.C. § 1103(a) (emphasis added). This statute is inapplicable here because unpaid contributions are not assets of an employee benefit plan, and thus are not required to be held in trust.

In Count Two, Plaintiffs allege breaches of the duty of prudence under 29 U.S.C. § 1104(a)(1)(B). In support of this claim, Plaintiffs' simply state the conclusion that a prudent person "would promptly collect and deposit all Employer Matching Contributions to the Savings Plan … so that the Savings Plan and its participants could have the additional assets to which they were entitled …." Compl. ¶ 75. However, as discussed above, unpaid matching contributions are not plan assets, and the failure to pay matching contributions is not a fiduciary function. ERISA fiduciaries may wear different hats, but wear only one at a time. *Pegram*, 530 U.S. at 226. Here, the decision of what to do with corporate assets was clearly a corporate decision, not a fiduciary decision.

Further, Plaintiffs' allegation that Defendant had a duty to "collect for and remit to the Savings Plan" all Employer Matching Contributions, Compl. ¶ 67, is unavailing because Plaintiffs have not alleged facts showing that they had an entitlement to unpaid employer contributions, which sets the outer limits of a trustee's fiduciary obligation. *Collins v. Pension and Ins. Committee of S. Cal. Rock Prods. & Ready Mixed Concrete Assocs*., 144 F.3d 1279, 1283 (9th Cir. 1998) (citing *Central States Pension Fund v. Central Transp., Inc*., 472 U.S. 559, 571 (1985)). Absent a requirement of contribution, which is conspicuously absent from this Complaint, Plaintiffs are missing the entitlement to the contribution. *Id*. Plaintiffs' Complaint does not identify Plan language requiring employer contributions. *See also Pfahler v. Nat'l Latex Prods. Co*., 517 F.3d 816, 833 (6th Cir. 2007) ("The district court properly determined that NLP did not obligate itself to fund the Plan. Nothing in the record indicates that NLP was contractually bound to contribute specific amounts to the Plan."). And even if there were such an obligation here, which the Complaint fails to allege, there are no plausible allegations that the fiduciaries here failed to engage in a prudent process as to how to handle collection of any purportedly delayed contributions. As a result, Plaintiffs' conclusory allegation that Defendant

breached the duty of prudence is insufficient to state a claim upon which relief can be granted. *See Ashcroft*, 556 U.S. at 678.

## III. Plaintiffs Fail to State a Prohibited Transaction Claim.

### A. Plaintiffs Fail to State a Prohibited Transaction Claim Under Section 406(a)(1)(D).

Count Three alleges that Prospect Medical violated Section 406(a)(1)(D) of ERISA. Compl. ¶¶ 79-85. That section provides that, subject to certain exceptions, "[a] fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect[] transfer to, or use by or for the benefit of a party in interest, of any assets of the plan[.]" 29 U.S.C. § 1106(a)(1)(D). *See also* Compl. ¶ 80. Plaintiffs also allege that Prospect Medical "failed to timely collect and remit to the Savings Plan the Employer Matching Contributions[]" and instead "retained the funds for itself and used them to pay the operating expenses of Prospect Medical and its affiliates and subsidiaries." Compl. ¶¶ 82-83. Count Three fails for at least two reasons.

*First*, Plaintiffs do not identify any transaction between the Plan and a party in interest. Plaintiffs allege that failing to pay matching contributions to the Savings Plan (in other words, *not* transacting with the Savings Plan) is a "transaction" that is prohibited; however, the "failure to act cannot form the basis for a prohibited transaction under § 1106." *Tibble v. Edison Int'l*, 639 F. Supp. 2d 1122, 1127 (C.D. Cal. 2009) (emphasis added), *aff'd*, 711 F.3d 1061 (9th Cir. 2013), *amended by*, 729 F.3d 1110 (9th Cir. 2013), *vacated & remanded on other grounds*, 575 U.S. 523 (2015). Further, the Ninth Circuit has recognized that "transactions" for purposes of 29 U.S.C. § 1106 are "commercial bargains" defined by the Supreme Court in *Spink*, 517 U.S. at 893. *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1101 (9th Cir. 2004). According to the Ninth Circuit in *Wright*:

> Plaintiffs fail to identify any transaction that falls within § 1106(a)(1) or (b). They have pointed to nothing akin to a "sale, exchange, or leasing of property, … [or] the lending of money or extension of credit," all commercial bargains defined by the Supreme Court in Lockheed as falling under § 1106.

*Id*. (citing *Spink*, 517 U.S. at 893 (internal quotation marks omitted)).

Prospect Medical's decisions with respect to general corporate assets that were never paid to the Savings Plan, *see supra*, are simply not the kind of "commercial bargain" that Section 1106 seeks to prevent. *See Spink*, 517 U.S. at 893. *See also Thondukolam v. Corteva, Inc.*, No. 19-cv-3857, 2020 WL 1984303, at *4 (N.D. Cal. Apr. 27, 2020) ("[I]n several places, the FAC suggests the challenged transactions involve Historical DuPont's corporate assets, instead of Plan assets. Accordingly, plaintiffs' prohibited transaction claim is dismissed."); *Tibble*, 639 F. Supp. 2d at 1126 ("Much like *Wright* where the court found that the decision not to sell stock was not a 'transaction,' here SCE's failure to recapture float for the benefit of the Plan was not a 'transaction' that could form the basis of a § 1106(a)(1)(D) violation.").

*Second*, even if Plaintiffs could allege a pertinent "transaction," they fail to allege a transaction involving any "assets of the plan[.]" 29 U.S.C. § 1106(a)(1)(D). As detailed above, because corporate assets do not become plan assets unless and until they are paid to a plan, Plaintiffs do not identify any transaction involving Savings Plan assets. *See supra*. Indeed, in *Cline*, the Ninth Circuit squarely held that, because "contributions do not become plan assets" until "the employer pays the employer contributions over to the plan," an "allegation that employer contributions were withheld *cannot provide the basis for a prohibited transaction claim* because no 'plan assets' are involved." *Cline*, 200 F.3d at 1234 (emphasis added). *See also Thondukolam*, 2020 WL 1984303, at *4 ("[T]he FAC does not plead facts showing that the Plan or its assets were involved in any prohibited transaction[.]"). The *Cline*

court emphasized that, "even assuming that [plaintiffs] had failed adequately to contribute to the Plan, [plaintiffs'] prohibited transaction argument fails because such funds have not become 'plan assets." *Cline*, 200 F.3d at 1234. Thus, binding authority makes clear that Count Three fails to state a prohibited transaction claim.

**B. Plaintiffs Fail to State a Prohibited Transaction Claim Under Section 406(b).**

Count Four alleges that Prospect Medical violated Section 406(b)(1) and Section 406(b)(2) of ERISA. Compl. ¶¶ 86-91. Section 406(b)(1) provides that "[a] fiduciary with respect to a plan shall not[] deal with the *assets of the plan* in his own interest or for his own account[.]" 29 U.S.C. § 1106(b)(1) (emphasis added). *See also* Compl. ¶ 87. And Section 406(b)(2) provides that "[a] fiduciary with respect to a plan shall not[] . . . act in any *transaction* involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries[.]" 29 U.S.C. § 1106(b)(2) (emphasis added). *See also* Compl. ¶ 88. Plaintiffs allege that Prospect Medical "used Savings Plan *assets* to pay its general operating expenses, which benefited Prospect Medical's business interests at the expense of the Savings Plan and its participants and beneficiaries." Compl. ¶ 89 (emphasis added).

But Count Four fails to state a claim because the Complaint does not include factual allegations that Defendant engaged in a transaction involving the Plan on behalf of a party whose interests are adverse to the plan or its participants. 29 U.S.C. § 1106(b)(2). Further, Plaintiffs fail to identify any "party" whose interests are adverse to the Plan. Rather, the Complaint alleges only that matching contributions were not paid.

Plaintiffs also fail to allege that Prospect Medical dealt with the "assets of the plan" under Section 406(b)(1) because the challenged Employer Matching Contributions were never paid to the Savings Plan and thus never became plan assets. *See*

*supra*. And there are no allegations that Prospect Medical acted in any "transaction involving the plan" under Section 406(b)(2)—as is the case with Plaintiffs' Section 406(b)(1) allegations—because there were no such transactions involving the Savings Plan and the alleged Employer Matching Contributions. *See supra*. Indeed, there was no transaction at all. Thus, Count Four must be dismissed.

**IV. Plaintiffs Fail to State a Claim for Co-Fiduciary Liability.**

Count Five alleges that Prospect Medical is liable as a co-fiduciary under Section 405(a)(1)-(3) of ERISA. Compl. ¶¶ 92-96. That section provides that "a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan" if: (i) "he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;" (ii) "by his failure to comply with [his fiduciary duties] in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach;" or (iii) "he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." 29 U.S.C. § 1105(a)(1)-(3). *See also* Compl. ¶ 93. Count Five fails for at least three reasons.

*First*, Plaintiffs merely allege that:

> To the extent other fiduciaries of the Savings Plan breached their fiduciary duties as set forth above, Prospect Medical is liable as co-fiduciary with respect to the above-described violations because it participated knowingly in its co-fiduciaries' breaches; imprudently and disloyally enabled other fiduciaries to breach their duties under ERISA; enabled its co-fiduciaries to commit the breaches; and/or failed to make any reasonable efforts to remedy the breaches.

Compl. ¶ 94. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[]" to state a claim. *Ashcroft*, 556 U.S. at 678. And courts are "not bound to accept as true a legal conclusion

couched as a factual allegation[.]" *Id.* Because Plaintiffs "provide no facts to support the[ir] allegations," they fail to "state sufficient facts to support a claim on which relief can be granted." *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970, 988 (C.D. Cal. 2004). *See also Carr v. Int'l Game Tech.*, 770 F. Supp. 2d 1080, 1097 (D. Nev. 2011) ("[T]he allegations do not clearly identify actions taken by each Defendant alleged to constitute co-fiduciary breach. The allegations are devoid of specific facts, even in the most favorable light, which tend to show any particular Defendant was a knowing participant in another's putative breach.") (internal citations omitted).

*Second*, "[i]n order to be considered a co-fiduciary, [a] defendant must first be classified as a fiduciary to the plan." *Tool v. Nat'l Emp. Benefit Servs., Inc.*, 957 F. Supp. 1114, 1119 (N.D. Cal. 1996). *See also Monper v. Boeing Co.*, 104 F. Supp. 3d 1170, 1186 (W.D. Wash. 2015) ("Under any of the three types of co-fiduciary breach, . . . a defendant must be itself a fiduciary to be held liable for the breach of another."). Plaintiffs fail to plausibly allege that Prospect Medical was acting as a fiduciary "when taking the action subject to complaint," *Pegram*, 530 U.S. at 226, for the reasons set forth above. *See supra*. Therefore, Plaintiffs cannot state a claim for co-fiduciary liability against Prospect Medical.

*Finally*, Plaintiffs have not plausibly alleged that any "other fiduciaries of the Savings Plan breached their fiduciary duties" with respect to the employer matching contributions they challenge. Compl. ¶ 94. Instead, Plaintiffs admit that any "other fiduciaries" are fictitious, *see id.* ¶ 2 (alleging that "[t]he fiduciaries include Prospect Medical [], and may include other entities or persons whose identities are not yet known to Plaintiffs"), and that any co-fiduciary liability claim is limited to the ERISA violations alleged in their Complaint, *see id.* ¶ 94 ("Prospect Medical is liable as co-fiduciary ***with respect to the above-described violations***.") (emphasis added). Plaintiffs' claims against these unnamed "other fiduciaries" fail for the same reasons

their claims against Prospect Medical fail: Plaintiffs have not alleged that any "other fiduciaries" dealt with plan assets or acted in a fiduciary capacity with respect to the employer matching contributions they challenge, nor can they. *See supra*. *See also Carr*, 770 F. Supp. 2d at 1096 ("Plaintiffs must first state one or more valid claims for breach of fiduciary duty under ERISA before they may allege a claim for breach of duties and responsibilities as cofiduciaries."). Because Plaintiffs fail to allege that there was any "underlying violation," *Monper*, 104 F. Supp. 3d at 1180, their co-fiduciary liability claim necessarily fails.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed in its entirety, with prejudice.

Dated: September 4, 2026

Respectfully Submitted,

*/s/ Patrick C. DiCarlo*
William J. Delany (admitted *pro hac vice*)
Patrick C. DiCarlo (admitted *pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 861-6643
Fax: (202) 659-4503
Email: wdelany@groom.com
pdicarlo@groom.com

William A. Bossen (SBN 131438)
Christopher D. Holt (SBN 228399)
MUSICK, PEELER, & GARRETT LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071
Tel: (213) 629-7976
Fax: (213) 624-1376
Email: w.bossen@musickpeeler.com
c.holt@musickpeeler.com

*Counsel for Defendant Prospect Medical Holdings, Inc.*

**LOCAL RULE 11-6.2 CERTIFICATION**

The undersigned, counsel of record for Defendant Prospect Medical Holdings, Inc., certifies that this brief contains 5,314 words, which complies with the word limit of Local Rule 11-6.1.

Dated: September 4, 2026

*/s/ Patrick C. DiCarlo*
Patrick C. DiCarlo

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, I electronically filed the foregoing through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

Dated: September 4, 2026 *<u>/s/ Patrick C. DiCarlo</u>*

Patrick C. DiCarlo