GROOM LAW GROUP, CHARTERED
William J. Delany (admitted *pro hac vice*)
wdelany@groom.com
Patrick C. DiCarlo (admitted *pro hac vice*)
pdicarlo@groom.com
1701 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 857-0620; Fax: (202) 659-4503

MUSICK, PEELER, & GARRETT LLP
William A. Bossen (SBN 131438)
w.bossen@musickpeeler.com
Christopher D. Holt (SBN 228399)
c.holt@musickpeeler.com
333 South Hope Street, Suite 2900
Los Angeles, CA 90071
Tel: (213) 629-7976
Fax: (213) 624-1376

*Counsel for Defendant Prospect Medical Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Alan Zweben, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Prospect Medical Holdings, Inc., et al.,<br><br>Defendants. | No. 2:26-cv-06548-HDV-SSC<br><br>**DEFENDANT PROSPECT MEDICAL HOLDINGS, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Date: November 19, 2026<br>Time: 10:00 AM PT<br>Judge: Hon. Hernán D. Vera<br>Courtroom: 5B, Fifth Floor |

## TABLE OF CONTENTS


INTRODUCTION ........ 1

ARGUMENT ........ 1

I. The Exception to the Well-Established Rule that Unpaid Employer Matching Contributions Are Not Plan Assets is Inapplicable Here ........ 1

A. The Ninth Circuit Squarely Rejected the Exception ........ 2

B. Plaintiffs Identify No Plan Language Through Which the Exception Could Apply ........ 3

II. Defendant Had No “Duty to Collect” Employer Matching Contributions ........ 4

A. There Was No Duty to Collect Discretionary Contributions ........ 4

B. Plaintiffs Ignore that Defendant Was Not Acting as a Fiduciary ........ 7

III. Plaintiffs’ Response Confirms There Was No “Transaction” Prohibited by ERISA ........ 8

IV. Plaintiffs Identify No Facts Supporting Their Co-Fiduciary Claim ........ 9

CONCLUSION ........ 9

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 5

*Bafford v. Northrop Grumman Corp.*,
994 F.3d 1020 (9th Cir. 2021) ........ 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 9

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*,
949 F. Supp. 2d 486 (S.D.N.Y. 2013) ........ 5

*Bos v. Bd. of Trs.*,
795 F.3d 1006 (9th Cir. 2015) ........ 2, 3

*Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*,
779 F.3d 182 (2d Cir. 2015) ........ 3

*Carpenters Pension Tr. Fund for N. California v. Moxley*,
734 F.3d 864 (9th Cir. 2013) ........ 3

*Castaneda v. Baldan*,
961 F. Supp. 1350 (S.D. Cal. 1997) ........ 5

*Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*,
472 U.S. 559 (1985) ........ 4

*Chao v. Johnson*,
No. Civ. A. H-03-5394, 2005 WL 2095109 (S.D. Tex. Aug. 30, 2005) ........ 8

*Cinelli v. Sec. Pac. Corp.*,
61 F.3d 1437 (9th Cir. 1995) ........ 6

*Cline v. Indus. Maint. Eng'g & Cont. Co.*,
200 F.3d 1223 (9th Cir. 2000) ........ 2, 4, 8

*Collins v. Pension and Ins. Comm. of S. Cal. Rock Prods. & Ready Mixed Concrete Assocs.*, 144 F.3d 1279 (9th Cir. 1998) ........ 4, 5

*Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643 (9th Cir. 2019) ........ 7

*Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945 (9th Cir. 2014) ........ 6

*Glazing Health & Welfare Fund v. Lamek*, 896 F.3d 908 (9th Cir. 2018) ........ 2, 3

*Groves v. Kaiser Found. Health Plan Inc.*, 32 F. Supp. 3d 1074 (N.D. Cal. 2014) ........ 4

*ITPE Pension Fund v. Hall*, 334 F.3d 1011 (11th Cir. 2003) ........ 3

*Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522 (9th Cir. 2008) ........ 9

*Liss v. Smith*, 991 F. Supp. 278 (S.D.N.Y. 1998) ........ 8

*Local Union 2134, United Mine Workers of Am. v. Powhatan Fuel, Inc*., 828 F.2d 710 (11th Cir. 1987) ........ 7

*Lockheed Corp. v. Spink*, 517 U.S. 882 (1996) ........ 9

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) ........ 4

*Pegram v. Herdrich*, 530 U.S. 211 (2000) ........ 3

*Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816 (6th Cir. 2007) ........ 5

*Schneider v. Cal. Dep't of Corr.*,
151 F.3d 1194 (9th Cir. 1998) ........ 8

*Sievert v. Knight-Swift Transp. Holdings, Inc.*,
780 F. Supp. 3d 870 (D. Ariz. 2025) ........ 6

*Sprague v. Cent. States, Se. & Sw. Areas Pension Fund*,
269 F.3d 811 (7th Cir. 2001) ........ 8

*Trs. of the Graphic Commc'ns Int'l Union Upper Midwest Local 1M Health & Welfare Plan v. Bjorkedal*,
516 F.3d 719 (8th Cir. 2008) ........ 7

*United States v. I.C.C.*,
337 U.S. 426 (1949) ........ 5

*Waller v. Blue Cross of Cal.*,
32 F.3d 1337 (9th Cir. 1994) ........ 9

*Warren v. Fox Family Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003) ........ 4

*Wright v. Or. Metallurgical Corp.*,
360 F. 3d 1090 (9th Cir. 2004) ........ 7, 8

**Statutes**

29 U.S.C. § 1103(c)(1) ........ 2

29 U.S.C. § 1106(a)(1)(B) ........ 8

29 U.S.C. § 1106(a)(1)(D) ........ 8

29 U.S.C. § 1106(b)(1) ........ 9

29 U.S.C. § 1106(b)(2) ........ 9

**Regulations**

29 C.F.R. § 2510.3-102(a) ........ 8

## INTRODUCTION

The Ninth Circuit has clearly and repeatedly held that unpaid employer matching contributions are not ERISA plan assets. That controlling authority alone forecloses Plaintiffs' case. In their Response to Defendant's Motion to Dismiss, Dkt. 28 ("Response" or "Resp."), Plaintiffs cling to an exception to that well-established rule, badly misstating the applicable caselaw. Indeed, the Ninth Circuit has ***squarely rejected*** that exception and, even in circuits where it could apply, the exception is limited to instances where a plan's terms expressly define unpaid employer contributions as plan assets, which is not the case here.

Plaintiffs further claim that Defendant had a fiduciary duty to collect the employer matching contributions at issue. Not so. Plaintiffs do not contest that those contributions are entirely discretionary under the plan terms, meaning the plan had no entitlement whatsoever to the funds at issue. Plaintiffs cling to a declaration filed early on in Defendant's bankruptcy proceeding as the sole basis for their misguided argument that Defendant in fact elected to make discretionary matching contributions. But they contort the text of that backward-looking declaration, which, far from identifying any such election, notes an unremarkable—and unverified—estimate of matching contribution underfunding. In any event, the Ninth Circuit has been clear that such a document cannot alter the unambiguous terms of an ERISA plan. Moreover, Plaintiffs wholly ignore Defendant's authority making clear that Defendant was acting in its corporate capacity rather than its fiduciary capacity with respect to the funds they challenge here.

Plaintiffs' Response confirms that the employer matching contributions at issue are not plan assets and are discretionary with no attendant collection obligation. Thus, Plaintiffs' claims fail, and the Court should dismiss the Complaint in its entirety and with prejudice.

## ARGUMENT

### I. The Exception to the Well-Established Rule that Unpaid Employer Matching Contributions Are Not Plan Assets is Inapplicable Here

Unable to rebut the well-established Ninth Circuit rule that unpaid employer matching contributions are not plan assets, Plaintiffs instead rely on decisions from other circuits recognizing a limited exception to that rule. Resp. at 11-12. But, contrary to Plaintiffs' assertions, the Ninth

Circuit expressly rejected that exception. *See Glazing Health & Welfare Fund v. Lamek*, 896 F.3d 908, 910 (9th Cir. 2018). And, in any event, the Savings Plan's[1] terms foreclose that exception here. Thus, even under the exception, the contributions Plaintiffs challenge are not plan assets, dooming their case. *See Cline v. Indus. Maint. Eng'g & Cont. Co.*, 200 F.3d 1223, 1234 (9th Cir. 2000) ("Until the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation; this is true even where the employer is also a fiduciary of the plan."); *id.* (The "allegation that employer contributions were withheld cannot provide the basis for a prohibited transaction claim because no 'plan assets' are involved."); 29 U.S.C. § 1103(c)(1) ("[T]he ***assets of a plan*** shall never inure to the benefit of any employer . . . ") (emphasis added).

### A. The Ninth Circuit Squarely Rejected the Exception

Not only do Plaintiffs fail to cite any Ninth Circuit case adopting the exception they rely on, but the court in *Bos v. Board of Trustees* analyzed the out-of-circuit cases Plaintiffs cite and unambiguously rejected that exception, reiterating the "general rule that unpaid contributions to employee benefit funds are not plan assets." 795 F.3d 1006, 1009-12 (9th Cir. 2015) ("Other circuits[] . . . have declined to apply such an exception[.] . . . We agree with the view taken by the [those] [c]ircuits."). Indeed, the Ninth Circuit subsequently reiterated that it had "rejected such an exception in *Bos I*[,]" *Glazing Health*, 896 F.3d at 910, affirming the district court's dismissal because its "case law forecloses the [Plaintiffs'] fiduciary duty claim." *Id.*; *see also id.* at 912 ("Although the Trusts argue that this result conflicts with ERISA policy, we as a three-judge panel are bound by *Bos I* regardless.").[2]

---

[1] Unless otherwise noted, defined terms have the meaning ascribed to them in Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiffs' Class Action Complaint, Dkt. 25-1 ("Motion" or "Mot.").

[2] Nothing suggests *Bos I* was limited to the "bankruptcy context," Resp. at 12 n.5; indeed, in *Glazing Health*—a non-bankruptcy ERISA fiduciary-breach case—the court was clear that, "contrary to [Plaintiffs'] assertions, the implications of *Bos I* extend beyond bankruptcy to ERISA." *Glazing Health*, 896 F.3d at 912. Plaintiffs' reliance on *Glazing Health*'s ***dissent***, Resp. at 12 n.5, is unavailing (and telling).

Plaintiffs claim "the defendants in *Glazing Health* did *not* also hold fiduciary roles[,]" Resp. at 12, but that was not the basis for the Ninth Circuit's holding (because the Ninth Circuit's rejection of the exception was not so limited) and is irrelevant because, as Plaintiffs acknowledge, the pertinent inquiry is whether a defendant was "acting as a fiduciary . . . when taking the action ***subject to complaint***[.]" Resp. at 5 (quoting *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000)) (emphasis added). And, in *Carpenters Pension Tr. Fund for N. California v. Moxley*, *see* Resp. at 11—which pre-dates both *Bos I* and *Glazing Health*—the court "[did] not have to decide the question of whether unpaid contributions are plan assets[,]" 734 F.3d 864, 869 (9th Cir. 2013).

**B. Plaintiffs Identify No Plan Language Through Which the Exception Could Apply**

Even if the exception applied, which it does not, Plaintiffs failed to allege facts that would satisfy it. Courts in other circuits that have recognized the exception require plan language expressly identifying unpaid contributions, receivables, or amounts due and owing as plan assets. Resp. at 11-12 (citing *ITPE Pension Fund v. Hall*, 334 F.3d 1011, 1014-15 (11th Cir. 2003) (unpaid contributions can be plan assets when governing documents make "receivable property" a plan asset as soon as they become due); *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (contributions were designated as plan assets under the trust documents)). Here, Plaintiffs' Response points to no Savings Plan language defining unpaid Employer Matching Contributions as plan assets. Thus, the exception would not apply ***even if*** the Ninth Circuit had not rejected it.

Plaintiffs point to plan language assigning fiduciary responsibilities regarding contributions. *See* Resp. at 2-3. But the underlying contributions at issue here were entirely discretionary, *see infra*, and the language Plaintiffs allude to is far afield from a contractual provision defining unpaid contributions themselves as plan assets, as the exception requires. *See, e.g.*, *ITPE Pension Fund*, 334 F.3d at 1014-15. The Savings Plan provision cited by Plaintiffs merely provides that the "Named Fiduciary for Contributions" is responsible for collecting contributions "***required to be made*** under the Plan" and enforcing legal claims relating to contributions. Resp. at 3 (quoting Dkt. 25-3 at 92, § 9.01) (emphasis added). That language does not provide the Savings Plan any

right to discretionary contributions or redefine corporate assets as plan assets before they are paid to the plan on a discretionary basis. *Id.* Thus, the Savings Plan's terms foreclose the exception.

**II. Defendant Had No "Duty to Collect" Employer Matching Contributions**

Plaintiffs also claim that "Defendant has the express obligation under the Plan to collect and deposit Employer Matching Contributions, but Defendant took no enforcement action[.]" Resp. at 5. But the Ninth Circuit has been unequivocally clear that there are ***no*** fiduciary duties as to unpaid employer contributions. *See Cline*, 200 F.3d at 1234 ("Until the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation; this is true even where the employer is also a fiduciary of the plan."). And the Savings Plan makes clear that the contributions are discretionary, such that Defendant had no attendant collection duty. Plaintiffs also ignore Defendant's authority making clear that the actions they challenge were not taken in a fiduciary capacity.

**A. There Was No Duty to Collect Discretionary Contributions**

As Defendant explained, the terms of the Savings Plan are clear on their face that Employer Matching Contributions are discretionary. *See* Mot. at 3.[3] Plaintiffs do not—because they cannot—identify any Savings Plan language requiring Employer Matching Contributions. And the only cases acknowledging any collection duty limit that duty to "funds to which [a plan] is entitled[]" and funds "required by a plan[,]" Resp. at 8-9 (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 571 (1985); *Collins v. Pension and Ins. Comm. of S. Cal. Rock Prods. & Ready Mixed Concrete Assocs.*, 144 F.3d 1279, 1283 (9th Cir. 1998)).

---

[3] This does not depend on any "interpretation" of the Savings Plan, Resp. at 13 n.6, but instead is crystal clear from its plain terms. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (Courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint[.]"); *see also Groves v. Kaiser Found. Health Plan Inc.*, 32 F. Supp. 3d 1074, 1079 n.4 (N.D. Cal. 2014) ("Though a court generally is obligated to regard the well-pleaded facts of a complaint as true when deciding a Rule 12(b)(6) motion, that principle gives way when the allegations contradict documents . . . incorporated by reference."). Indeed, Plaintiffs "do not object to the use of" the Plan Document and Adoption Agreement " in connection with Defendant's [Motion.]" Resp. at 1 n.1. Thus, these documents are "part of the [C]omplaint, and [the Court] may assume that [their] contents are true for purposes of [the Motion]." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Therefore, because the Savings Plan was not "entitled" to the discretionary Employer Matching Contributions at issue, Defendant had no corresponding collection duty. *See Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 832-33 (6th Cir. 2007) ("[D]efendants did not breach their fiduciary duties by failing to collect employer contributions because the employer[] was not obligated to fund the Plan."); *see also supra*.

Indeed, Plaintiffs' own authority makes clear that "plan administrators must make a reasonable investigation and decision as to whether to initiate legal action to recover ***plan assets***, such as delinquent contributions." *Castaneda v. Baldan*, 961 F. Supp. 1350, 1353-54 (S.D. Cal. 1997) (emphasis added); *see* Resp. at 15 (citing *id.* at 1352). Because there were no plan assets at issue here, *see supra*, there was no such duty.[4] Moreover, a plan administrator only must "make ***reasonable*** collection efforts under the circumstances." *Collins*, 144 F.3d at 1284 (emphasis added). Although Plaintiffs claim that "[w]hether Defendant . . . undertook any process to collect or deposit the match before spending the funds on its business[] is a question of fact not determinable [here,]" Resp. at 15, they fail to identify any facts from which the Court could infer anything about Defendant's collection efforts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiffs try to wriggle free from the Plan's unambiguous discretionary terms by arguing that Defendant elected to make Employer Matching Contributions—even though the Complaint includes no allegations regarding when or how any such election occurred—and that "once Defendant made that determination every year, the Employer Matching Contribution was no longer discretionary." Resp. at 9 (emphases omitted). In support of this assertion, Plaintiffs rely solely on a declaration filed in the Prospect Medical Bankruptcy proceeding, which stated that Prospect

---

[4] Plaintiffs also fail to identify any potential obligor other than Defendant, meaning the only possible collection effort Defendant could have taken was an action against itself, which would be non-justiciable. *See United States v. I.C.C.*, 337 U.S. 426, 430 (1949) ("[N]o person may sue himself[.]"); *see also BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 498-500 (S.D.N.Y. 2013) (noting the "established rule that a party may not generally bring claims against itself," and that this extends to parties suing and defending in different capacities).

Medical matches employee contributions, but had underfunded those contributions and owed an estimated $48 million. *Id.* Far from identifying any election or commitment or even any relevant provision of the Savings Plan, this bare estimate of underfunding (coupled with a lay legal characterization) from early in Defendant's bankruptcy proceeding merely demonstrates the unremarkable position that the Savings Plan permitted Defendant to make Employer Matching Contributions.

In any event, that statement cannot alter the plain terms of the Savings Plan. The Ninth Circuit has been crystal clear that "informal written interpretations of an ERISA plan[]" "cannot be used to contradict or supersede the written terms of [the] plan." *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 956 (9th Cir. 2014); *see also Sievert v. Knight-Swift Transp. Holdings, Inc.*, 780 F. Supp. 3d 870, 878 (D. Ariz. 2025) ("The Form does not govern Plaintiffs' rights and [Defendant's] obligations, the Plan document does."). Because Plaintiffs do not claim there is any ambiguity as to any of the relevant Savings Plan terms, "extrinsic evidence may not be used to alter the written terms of the plan." *Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1444 (9th Cir. 1995).

Plaintiffs do not—because they cannot—plausibly allege that the quoted language somehow transforms the Savings Plan's language regarding Employer Matching Contributions from discretionary to mandatory. Indeed, like the Form 5500 tax filings at issue in *Sievert*, "Plaintiffs [provide] no reasons to think that representations made by [the] plan sponsor" in a bankruptcy declaration "can promise any benefits to [plan] beneficiaries[.]" 780 F. Supp. 3d at 878-79. The bankruptcy declaration was a similarly "backwards-looking . . . document[] meant to report . . . information[,]" rather than a "prescriptive document[] meant to dictate a given employer's duties with regard to [the] [P]lan." *Id.* at 879.[5] In essence, Plaintiffs seek a benefit the Plan does not provide, but "[b]ecause Defendant[] complied with the Plan's lawful terms and w[as] under no legal obligation to deviate from those terms, [Defendant] provided Plaintiffs with their benefits

[5] Further, although Plaintiffs claim that the bankruptcy declaration "establishes that [Defendant] declared [Employer Matching Contributions,]" Resp. at 9, they "have not given this Court any reason to think Defendant would not be permitted to change its mind" in accordance with the Savings Plan's discretionary language. *Sievert*, 780 F. Supp. 3d at 879 n.5.

due." *Wright v. Or. Metallurgical Corp.*, 360 F. 3d 1090, 1100 (9th Cir. 2004). The bankruptcy declaration cannot prove otherwise.

**B. Plaintiffs Ignore that Defendant Was Not Acting as a Fiduciary**

Plaintiffs acknowledge that "there are circumstances under which a plan fiduciary may not be acting in its fiduciary capacity[.]" Resp. at 5.[6] But they entirely ignore that "the same requirement holds true for named fiduciaries." Mot. at 7 n.5 (citing *Bafford*, 994 F.3d at 1026-28 (affirming dismissal of fiduciary duty claims against named fiduciaries where plaintiffs failed to allege performance of a fiduciary function)). And they claim to challenge "conduct going to the handling of plan assets and the administration of the Plan," Resp. at 7,[7] ignoring Defendant's on-point authority establishing that "choosing not to make employer contributions is a business or corporate function, not a fiduciary function with respect to a plan." Mot. at 9; *see also Trs. of the Graphic Commc'ns Int'l Union Upper Midwest Local 1M Health & Welfare Plan v. Bjorkedal*, 516 F.3d 719, 732 (8th Cir. 2008) (corporate officer facing limited cash flow who chooses to pay corporate obligations in lieu of employer contributions to an ERISA plan does not breach a fiduciary duty when he makes those decisions wearing his corporate hat rather than his fiduciary duty hat); *Local Union 2134, United Mine Workers of Am. v. Powhatan Fuel, Inc*., 828 F.2d 710, 714 (11th Cir. 1987) (corporate president's decision to pay bills other than insurance premiums to health plan was not made in his fiduciary capacity).

Because Plaintiffs' claims challenge actions taken entirely in Defendant's corporate capacity rather than its fiduciary capacity, their claims fail. *See* Mot. at 7-9.

---

[6] Plaintiffs claim this is a "question of fact outside the scope of a Rule 12 motion." Resp. at 5. Not so. *See, e.g.*, *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1028 (9th Cir. 2021) ("Plaintiffs have not alleged that [Defendant] was performing a fiduciary function[.]"); *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 657 (9th Cir. 2019) (affirming dismissal of ERISA claims, including based on fiduciary status), *cert. denied*, 589 U.S. 971 (2019).

[7] As Plaintiffs acknowledge, unlike here, the caselaw they rely on (*Hutchins* and *Rodriguez*) concerns forfeitures—funds already in a plan. *See* Resp. at 7.

## III. Plaintiffs' Response Confirms There Was No "Transaction" Prohibited by ERISA

Plaintiffs' Response sidesteps Defendant's arguments and authority laying bare their failure to allege any prohibited transaction. *See* Mot. at 12-15.

As to Count Three—which alleges a violation of ERISA Section 406(a)(1)(D)—Plaintiffs fail to identify any transaction involving the "assets of the plan," 29 U.S.C. § 1106(a)(1)(D), as opposed to general corporate assets. *See supra*. This alone dooms Count Three. *See Cline*, 200 F.3d at 1234 ("[E]ven assuming that [defendants] had failed adequately to contribute to the Plan, [plaintiffs'] prohibited transaction argument fails because such funds have not become 'plan assets.'").[8]

Plaintiffs also fail to identify any "transaction" based on Defendant "affirmatively 're-tain[ing]'" the Employer Matching Contributions. Resp. at 16. As Defendant has explained, the "failure to act cannot form the basis for a prohibited transaction under § 1106." *See* Mot. at 12; *see also Wright*, 360 F.3d at 1101 ("The decision by . . . Defendants to *continue* to hold . . . assets . . . was not a 'transaction.'").[9] And as to Plaintiffs' argument that Defendant was "pay[ing] bills

---

[8] The Response relies on cases involving ***employee*** contributions, Resp. at 16-17, which are inapposite. Unlike the employer contributions at issue here, employee contributions "become plan assets even if the employer fails to remit those contributions to the plan," *Chao v. Johnson*, No. Civ. A. H-03-5394, 2005 WL 2095109, at *6 n.7 (S.D. Tex. Aug. 30, 2005); *see also* 29 C.F.R. § 2510.3-102(a). Plaintiffs also rely on *Liss v. Smith*, an out-of-circuit case challenging delinquent contributions. 991 F. Supp. 278 (S.D.N.Y. 1998). No delinquent contributions are at issue here because the Employer Matching Contributions are discretionary, meaning Defendant had no "obligation to contribute," Resp. at 16. *See supra*; *see also Wright*, 360 F.3d at 1101 ("[A] lawful decision to remain in full compliance with the explicit language of the Plan's terms[] . . . fail[s] to state a claim for violation of § 1106[.]").

[9] Plaintiffs also claim Defendant was "extending itself credit[.]" Resp. at 16. But that basis fails because it invokes a different subsection—Section 406(a)(1)(B)—which is nowhere to be found in Plaintiffs' Complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the . . . opposition motion, however, are irrelevant for Rule 12(b)(6) purposes."). Additionally, contrary to that newly identified section of ERISA, Plaintiffs fail to identify any loan or extension of credit here (as opposed to Defendant merely "retain[ing]" the funds at issue). And courts have been clear that there is no such extension of credit where there is no obligation to contribute the underlying funds. *See, e.g.*, *Sprague v. Cent. States, Se. & Sw. Areas Pension Fund*, 269 F.3d 811, 818 (7th Cir. 2001) ("If no obligation existed, however, then no extension of credit was granted or received, and no transfer of plan assets took place.").

or otherwise fund[ing] its business operations" with Employer Matching Contributions, Resp. at 16, this commonplace use of general corporate assets is not the type of transaction ERISA prohibits; Plaintiffs fail to identify any counterparty, and there are no allegations indicating that any such transactions were "not at arm's length." *Lockheed Corp. v. Spink*, 517 U.S. 882, 893 (1996); *see also Waller v. Blue Cross of Cal.*, 32 F.3d 1337, 1346 (9th Cir. 1994) ("[T]he transaction, itself, should communicate the breach.").

Count Four—which alleges a violation of ERISA Section 406(b)(1) and 406(b)(2)—similarly fails because Plaintiffs identify neither any dealings "with the assets of the plan," 29 U.S.C. § 1106(b)(1), nor any "transaction involving the plan," *id.* § 1106(b)(2). And even if Defendant "benefited itself and its affiliates[,]" Resp. at 17, Plaintiffs fail to establish that Defendant acted ***on behalf of*** any "adverse" party in a ***transaction involving the plan***, as required by Section 406(b)(2). *See* Mot. at 14. The only authority Plaintiffs rely on involved ***employee*** contributions (and therefore plan assets), unlike here. *See supra.*

## IV. Plaintiffs Identify No Facts Supporting Their Co-Fiduciary Claim

The Response confirms that the Complaint fails to allege facts sufficient to sustain Count Five. *See* Mot. at 15-16. Plaintiffs provide nothing more than conjecture concerning fictitious "persons acting for Prospect Medical[,]" Compl. ¶ 26, whose "direct fiduciary liability" may be "attributable to Defendant as a co-fiduciary." Resp. at 17. This is insufficient to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed in its entirety, with prejudice.[10]

---

[10] Plaintiffs request that the Court grant leave to amend. Resp. at 18. Because no amendment can cure the defects of the Complaint, the Court should thus deny that request. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

Dated: November 5, 2026

Respectfully Submitted,

/s/ *Patrick C. DiCarlo*
William J. Delany (admitted *pro hac vice*)
Patrick C. DiCarlo (admitted *pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 861-0172
Fax: (202) 659-4503
Email: wdelany@groom.com
pdicarlo@groom.com

William A. Bossen (SBN 131438)
Christopher D. Holt (SBN 228399)
MUSICK, PEELER, & GARRETT LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071
Tel: (213) 629-7976
Fax: (213) 624-1376
Email: w.bossen@musickpeeler.com
c.holt@musickpeeler.com

*Counsel for Defendant Prospect Medical Holdings, Inc.*

**LOCAL RULE 11-6.2 CERTIFICATION**

The undersigned, counsel of record for Defendant Prospect Medical Holdings, Inc., certifies that (1) this brief contains 3,625 words, which complies with the word limit of Local Rule 11-6.1; and (2) this brief does not exceed ten (10) pages, which complies with the Court's June 30, 2026 Civil Standing Order (Dkt. 10 at 6).

Dated: November 5, 2026

*/s/ Patrick C. DiCarlo*
Patrick C. DiCarlo

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2026, I electronically filed the foregoing through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

Dated: November 5, 2026

*/s/ Patrick C. DiCarlo*
Patrick C. DiCarlo